UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AHMED ALI, | ) | |
| | ) | |
|     Plaintiff, | ) | Docket Number: 2008 CV 431 |
| | ) | Judge Colleen Kollar-Kotelly |
| v. | ) | |
| | ) | |
| ENVISION HOSPITAL | ) | |
| CORPORATION, et. al. | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**DEFENDANT DISTRICT OF COLUMBIA DEPARTMENT OF HEALTH'S
MOTION TO DISMISS THE COMPLAINT**

The District of Columbia Department of Health, Health Regulation and Licensing Administration (DCDOH), by its attorney the Office of the Attorney General for the District of Columbia, move this Honorable Court to dismiss Plaintiff's complaint for insufficient of service of process pursuant to Fed.R.Civ.P. 12(b)(5). Defendant further moves for dismissal because it is *non sui juris*. In support hereof, Defendant states:

1)   Plaintiff has not properly served the District of Columbia pursuant to Fed.R.Civ.P 4(j)(2), which directs the Court to the local rules for service on the District, SCR-Civil 4(j), and the complaint should therefore be dismissed pursuant to Rule 12(b)(5).

2)   The District of Columbia Department of Health, Health Regulation and Licensing Administration is *non sui juris*, and Plaintiff's complaint should be dismissed as to this defendant.

WHEREFORE, Defendant respectfully requests this Honorable Court to dismiss the complaint for the reasons stated in the accompanying memorandum in support of Defendant's Motion to Dismiss. Defendant has attached a proposed order.

Date:   April 15, 2008

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        ___/s/ Ellen A. Efros_____
        ELLEN A. EFROS [250746]
        Chief, Equity I Section
        Civil Litigation Division

        __/s/ Jayme B. Kantor_____
        Jayme B. Kantor [488502]
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001
        P(202) 724-6627
        F(202) 727-3625

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AHMED ALI, | ) | |
| | ) | |
| Plaintiff, | ) | Docket Number: 2008 CV 431 |
| | ) | Judge Colleen Kollar-Kotelly |
| vi. | ) | |
| | ) | |
| ENVISION HOSPITAL | ) | |
| CORPORATION, et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff failed to effect proper service of process and has named an entity that cannot be sued in its own name. For these reasons, as describe herein, the Court should dismiss Plaintiff's complaint as to the District of Columbia Department of Health, Health Regulation and Licensing Administration.

### ARGUMENT

**A.     Lack of Proper Service of Process Requires Dismissal Under Rule 12(b)(5).**

The rule for service upon a state or local government in Federal Court is Fed.R.Civ.P 4(j)(2). This rule states that service may be made by delivering a copy of the summons and complaint to the chief executive officer or in the manner prescribed by the law of that state for service of process. The Plaintiff in this case did not deliver his summons and complaint to a chief executive officer,[1] so service of process must be made

---

[1] "If the plaintiff opts not to serve the District according to District of Columbia service of process requirements, then he must 'deliver a copy of the summons and of the complaint to [the District's] chief executive officer …' Fed. R. Civ. P. 4(j)(2)." *Candido v. District of Columbia*, 2007 U.S. Dist. LEXIS 45175, 35 (D.D.C. 2007).

3

pursuant to the local rule, SCR-Civil 4(j), in order for it to be proper.  "Unless the procedural requirements of effective service of process are satisfied, a court lacks power to assert personal jurisdiction over a defendant."  *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004).

The party on whose behalf service is made has the burden of proving that Rule 4 was satisfied in serving process.  *Id.*  As of April 14, 2008, the docket does not reflect any affidavit of service on the District of Columbia.  Additionally, the undersigned Assistant Attorney General has confirmed that the Mayor has not been served.[2]  Plaintiff failed to comply with Fed.R.Civ.P. 4 and SCR-Civil 4; thus, the complaint should be dismissed pursuant to Fed.R.Civ.P 12(b)(5) for insufficient service of process.

**B.    The District of Columbia Department of Health, Health Regulation and Licensing Administration is *Non Sui Juris* and Must Be Dismissed as a Defendant.**

Agencies and departments within the District of Columbia cannot be sued as separate entities.  *Cmty. Hous. Trust v. Dep't of Consumer & Regulatory Affairs*, 257 F. Supp. 2d 208, 217 (D.D.C. 2003).  "The overwhelming weight of precedent in this Circuit holds that 'in the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable as separate entities.'"  *Wilson-Greene v. Dep't of Youth Rehab. Servs.*, 2007 U.S. Dist. LEXIS 49073, * 5 (D.D.C. 2007), *citing Daskalea v. Washington Humane Society*, 480 F.Supp.2d 16, 22 (D.D.C. 2007)(*quoting Kundrat v. District of Columbia*, 106 F.Supp.2d 1, 7 (D.D.C.2000); *See also Trifax Corp. v. District of Columbia*, 53 F. Supp. 2d 20 (D.D.C. 1999) (government agencies the

---

[2] Defendant's instant response does not concede service because "simply being on notice of a lawsuit 'cannot cure an otherwise defective service.'" *Candido*, 2007 U.S. Dist. LEXIS 45175 at 35, *quoting Whitehead v. CBS/Viacom, Inc.,* 221 F.R.D. 1, 2-3 (D.D.C. 2004).

4

Office of the Inspector General, the Department of Health, the Department of Administrative Services, and the Department of Human Services are *non sui juris*, and must be dismissed as parties).

Plaintiff named the District of Columbia Department of Health (specifically the Health Regulation and Licensing Administration within the Department of Health) as a defendant in this action. As a non-suable entity, the Court lacks jurisdiction over this defendant and it should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2).

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division


        ___/s/ Ellen A. Efros_____
        ELLEN A. EFROS [250746]
        Chief, Equity I Section
        Civil Litigation Division


        ___/s/ Jayme B. Kantor_____
        Jayme B. Kantor [488502]
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001
        P(202) 724-6627
        F(202) 727-3625

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **AHMED ALI,** ) | |
| ) | |
| **Plaintiff,** ) | **Docket Number: 2008 CV 431** |
| ) | **Judge Colleen Kollar-Kotelly** |
| **v.** ) | |
| ) | |
| **ENVISION HOSPITAL** ) | |
| **CORPORATION, et. al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**ORDER**

Upon consideration of Defendant District of Columbia Department of Health's Motion to Dismiss the Complaint, opposition thereto, and the record herein, it is, by this Court on this _____ day of _____, 2008, hereby

**ORDERED**:         that Defendant's motion is **GRANTED**, and

**FURTHER ORDERED**:         that the District of Columbia Department of Health, Health Regulation and Licensing Administration is **DISMISSED** as a defendant from the complaint.

_____
Judge Colleen Kollar-Kotelly

Copies to:
*Counsel for Defendant*
Jayme Kantor
Assistant Attorney General
Office of the Attorney General for the District of Columbia
441 4th Street, N.W.
6th Floor, South
Washington, D.C. 20001

*Counsel for Plaintiff*
William Hinnant, Jr.
112 Essex Drive
Anderson, S.C. 29621

Jennifer Hinkebein Culotta
432 E. Court Avenue
Jeffersonville, IN 47130