IN THE UNITED STATES DISTRICT COURT
             OF THE DISTRICT OF COLUMBIA

AHMED ALI, M.D.                    :
                                   :
     Plaintiff,                    :CASE: 1:08 CV 00431
                                   :Assigned To: Kollar-Kotelly,
     v.                            :Colleen
                                   :Assign Date: 3/12/2008
ENVISION HOSPITAL                  :Description: Civil Rights-
CORPORATION                        :Non-Employ.
d.b.a. GREATER SOUTHEAST           :
HOSPITAL OF WASHINGTON, et al.:
                                   :
     Defendants.                   :

**DEFENDANT ENVISION HOSPITAL CORPORATION d.b.a. GREATER SOUTHEAST HOSPITAL OF WASHINGTON'S ANSWER TO COMPLAINT**

COMES NOW the Defendant, Envision Hospital Corporation d.b.a. Greater Southeast Hospital of Washington, improperly named, by and through counsel, Deborah E. Kane, Esquire and the law firm of HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP, and for its Answer to the Complaint states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

1. In response to the unnumbered paragraph under "Nature of Action," this Defendant hereby denies all allegations of negligence, carelessness, recklessness, malfeasance, nonfeasance, and every other act of misconduct expressly or implicitly alleged in the Complaint filed herein and further states that it is without sufficient knowledge, information, or belief to admit or deny the remaining allegations of the Complaint filed herein, including

those allegations of injuries and damages sustained, and hereby denies same.

## Parties

2. This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph no. 1, and thereby denies same and demands strict proof thereof.

3. In response to paragraph no. 2, this Defendant denies that it does business as, owns and/or operates the entity named in the Complaint, specifically Greater Southeast Hospital of Washington; and is without sufficient information to either admit or deny the remaining allegations, and thereby denies the same and demands strict proof thereof.

4. This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph nos. 3-5, and thereby denies the same and demands strict proof thereof.

## Jurisdiction and Venue

5. In response to paragraph no. 6, no response is required, but to the extent deemed necessary, Defendant is without sufficient information to either admit or deny the allegations, and thereby denies same and demands strict proof thereof.

6. This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph nos. 7-9, and thereby denies the same and demands strict proof thereof.

**Operative Facts**

7. This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph nos. 10-12, and thereby denies the same and demands strict proof thereof.

8. This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph nos. 13-14; and thereby denies same and demands strict proof thereof.

9. This Defendant denies the allegations contained in paragraph nos. 15-21.

10. This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph no. 22; and thereby denies same and demands strict proof thereof.

11. This Defendant denies the allegations contained in paragraph nos. 23-24.

12. This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph nos. 25-28; and thereby denies same and demands strict proof thereof.

13. This Defendant denies the allegations contained in paragraph nos. 29-41.

## CLAIMS

### FIRST CAUSE OF ACTION: Deprivation of Federal Constitutional Rights Under Color of State Law 42 USC 1983
### (As to Defendant HPLA)

14. In response to the unnumbered paragraph immediately preceding paragraph no. 42, this Defendant adopts and incorporates by reference its responses as set forth above.

15. This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph nos. 42-55; and thereby denies same and demands strict proof thereof.

16. Any allegations not specifically admitted are hereby denied.

### SECOND CAUSE OF ACTION: Negligence in Investigative and Procedural Peer Review Process (As to Defendants Greater Southeast and HPLA)

17. In response to the unnumbered paragraph immediately preceding paragraph no. 56, this Defendant adopts and incorporates by reference its responses as set forth above.

18. This Defendant denies the allegations contained in paragraph nos. 56-60.

19. Any allegations not specifically admitted are hereby denied.

### THIRD CAUSE OF ACTION: Breach of Contract (As to Defendant Greater Southeast)

20. In response to the unnumbered paragraph immediately preceding paragraph no. 61, this Defendant adopts and incorporates by reference its responses as set forth above.

21. This Defendant denies the allegations contained in paragraph nos. 61-71.

22. Any allegations not specifically admitted are hereby denied.

### FOURTH CAUSE OF ACTION: Promissory Estoppel as Alternative to Breach of Contract (As to Defendant Greater Southeast)

23. In response to the unnumbered paragraph immediately preceding paragraph no. 72, this Defendant adopts and incorporates by reference its responses as set forth above.

24. This Defendant denies the allegations contained in paragraph nos. 72-78.

25. Any allegations not specifically admitted are hereby denied.

### FIFTH CAUSE OF ACTION: Tortuous [sic] Interference with Prospective Business Advantage and Contract (As to Defendants Greater Southeast, HPLA, Dr. Burr and Dr. Nedd)

26. In response to the unnumbered paragraph immediately preceding paragraph no. 79, this Defendant adopts and incorporates by reference its responses as set forth above.

27. This Defendant denies the allegations contained in paragraph nos. 79-87.

28. Any allegations not specifically admitted are hereby denied.

### SIXTH CAUSE OF ACTION: Fraudulent Misrepresentation (As to Defendants Greater Southeast, Dr. Burr and Dr. Nedd)

29. In response to the unnumbered paragraph immediately preceding paragraph no. 88, this Defendant adopts and incorporates by reference its responses as set forth above.

30. This Defendant denies the allegations contained in paragraph nos. 88-93.

31. Any allegations not specifically admitted are hereby denied.

### SEVENTH CAUSE OF ACTION: Negligent Misrepresentation
### (As to Defendants Greater Southeast, Dr. Burr and Dr. Nedd)

32. In response to the unnumbered paragraph immediately preceding paragraph no. 94, this Defendant adopts and incorporates by reference its responses as set forth above.

33. This Defendant denies the allegations contained in paragraph nos. 94-100.

34. Any allegations not specifically admitted are hereby denied.

### EIGHTH CAUSE OF ACTION: Intentional Infliction
### of Emotional Distress
### (As to Defendants Dr. Nedd, Dr. Burr, HPLA and Greater Southeast)

35. In response to the unnumbered paragraph immediately preceding paragraph no. 101, this Defendant adopts and incorporates by reference its responses as set forth above.

36. This Defendant denies the allegations contained in paragraph nos. 101-108.

37. Any allegations not specifically admitted are hereby denied.

### NINTH CAUSE OF ACTION: Violation of District of Columbia
### Unlawful Trade Practices Act (As to Defendant Wilton Nedd, MD)

38. In response to the unnumbered paragraph immediately preceding paragraph no. 109, this Defendant adopts and incorporates by reference its responses as set forth above.

39. This Defendant denies the allegations contained in paragraph nos. 109-113.

40. Any allegations not specifically admitted are hereby denied.

### DAMAGES

41. This Defendant denies the allegations contained in paragraph nos. 114-119.

42. Any allegations not specifically admitted are hereby denied.

### THIRD DEFENSE

This Defendant specifically denies its capacity to be sued, as named. There is no legal entity known to this Defendant and/or registered in the District of Columbia identified as Greater Southeast Hospital of Washington.

### FOURTH DEFENSE

This Defendant specifically denies its legal existence, as named. There is no legal entity known to, owned by, or operated by this Defendant and/or registered in the District of Columbia that does business as Greater Southeast Hospital of Washington.

### FIFTH DEFENSE

This Defendant hereby denies all allegations of intentional or reckless extreme and outrageous conduct and every other act of misconduct expressly or implicitly alleged in the Complaint filed herein.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole in or in part by the applicable statute of limitations and/or laches.

### SEVENTH DEFENSE

Plaintiff was solely or contributorily negligent.

### EIGHTH DEFENSE

Plaintiff assumed the risk of his injuries.

### NINTH DEFENSE

Defendant's actions were justified and/or mandated under law.

### TENTH DEFENSE

Plaintiff's claims are protected and/or barred by privilege.

### ELEVENTH DEFENSE

Plaintiff's claims are protected and/or barred by state and/or federal statutes and/or immunity, including but not limited to D.C. Code § 44-803 (2005), 42 U.S.C.S. § 11137 and other applicable statutes.

### TWELFTH DEFENSE

Plaintiff's claims for damages, punitive damages, attorneys fees and/or expenses are not recoverable under by any statute, regulation and/or case law.

### THIRTEENTH DEFENSE

This Defendant did not contract with Plaintiff.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by condition precedent.

### FIFTEENTH DEFENSE

Plaintiff's injuries and/or damages, if any, where caused by the negligence or actions of other individuals or entities over

whom this Defendant had no control, nor right of control, at the time in question.

### SIXTEENTH DEFENSE

Plaintiff's alleged injuries were the result of prior and/or subsequent conditions or occurrences for which this Defendant is not responsible.

### SEVENTEENTH DEFENSE

Plaintiff's injuries and/or damages, if any, were not the proximate result of any conduct by this Defendant, but were the result of a superseding and/or intervening cause.

### EIGHTEENTH DEFENSE

Plaintiff failed to mitigate damages.

### NINETEENTH DEFENSE

Plaintiff's claims may be barred by waiver.

### TWENTIETH DEFENSE

Plaintiff's claims may be barred by release.

### TWENTY-FIRST DEFENSE

Plaintiff's claims may be barred by payment.

### TWENTY-SECOND DEFENSE

Plaintiff's claims may be barred by accord and satisfaction.

### TWENTY-THIRD DEFENSE

Plaintiff's claims may be barred by collateral estoppel and/or equitable principles.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims may be barred by bankruptcy.

## TWENTY-FIFTH DEFENSE

This Defendant reserves the right to raise additional defenses based upon facts which may be revealed through discovery.

WHEREFORE, all material allegations of the Plaintiff's Complaint having been denied, this Defendant hereby requests judgment in its favor, with costs assessed against the Plaintiff.

> Respectfully submitted,
>
> HARTEL, KANE, DeSANTIS,
> MacDONALD & HOWIE, LLP
>
> /s/ Deborah E. Kane
> Deborah E. Kane
> DC Bar no. 433925
> Calverton Office Park
> 11720 Beltsville Drive
> Suite 500
> Beltsville, MD 20705
> Telephone: (301) 486-1200
> Facsimile: (301) 486-0935
> Counsel for Defendant
> dkane@hartelkane.com

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the aforegoing was e-filed and mailed, postage prepaid, this 14th day of April, 2008, to:

Jennifer Hinkebein Culotta
Culotta & Culotta, LLP
432 E. Court Avenue
Jeffersonville IN 47130

C. William Hinnant, Jr. MD JD
Medicolegal Consultants, LLC
Federal Bar # 9129
112 Essex Drive
Anderson, SC 29621

Deborah E. Kane

E:\DEK\Ali v Burr\Answer 4-14-08.wpd