IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED ALI, M.D. | : |
|    Plaintiff | : CASE: 1:08 CV 00431 |
| |    Assigned to: Kollar-Kotelly, Colleen |
| v. | : |
| SCOTT C. BURR, M.D.<br>7002 Quisinberry Way<br>Bowie, Maryland 20720 | : |
| WILTON O. NEDD, M.D. | : |
| ENVISION HOSPITAL CORPORATION:<br>d/b/a GREATER SOUTHEAST<br>HOSPITAL | |
| DISTRICT OF COLUMBIA DEPT.<br>OF HEALTH, HEALTH REGULATION<br>AND LICENSING ADMINISTRATION | : |
|    Defendants | : |

### **ANSWER OF DEFENDANT, SCOTT C. BURR, M.D.**

The Defendant, Scott C. Burr, M.D., by the undersigned counsel, for answer to the Complaint states as follows:

#### First Defense

The Complaint fails to state claims upon which relief can be granted.

#### Second Defense

This Court lacks subject matter jurisdiction over this Defendant.

#### Third Defense

This Court lacks diversity jurisdiction over this Defendant as he resides in the State of Maryland.

### Fourth Defense

Plaintiff's purported causes of action may be barred by the statute of limitations.

### Fifth Defense

Recovery may be barred on the basis of contributory negligence

### Sixth Defense

Recovery may be barred on the basis of estoppel.

### Seventh Defense

This Defendant denies all allegations of agency.

### Eighth Defense

Recovery may be barred on the basis of assumption of the risk.

### Ninth Defense

Plaintiff's damages may be barred and/or limited due to failure to mitigate.

### Tenth Defense

Recovery may be barred and/or limited by privilege.

### Eleventh Defense

Recovery may be barred by immunity, including but not limited to state and/or federal statutes, including D.C. Code Section 44-803 and 42 USC, Section 11101 et seq. and 11137.

### Twelfth Defense

In response to the specific allegations of the Complaint, the Defendant states as follows:

1. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. This Defendant admits that Greater Southeast Hospital is located at 1310 Southern Avenue, SE, Washington, DC, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. This Defendant admits that he is a medical doctor and anesthesiologist, but denies that he is a resident of the District of Columbia. Dr. Burr resides in Maryland.

6. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and demands strict proof thereof.

7. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and demands strict proof thereof.

8. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and demands strict proof thereof.

9. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and demands strict proof thereof.

10. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and demands strict proof thereof.

11. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and demands strict proof thereof.

12. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and demands strict proof thereof.

13. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and demands strict proof thereof.

14. This Defendant admits that he attended a meeting concerning Dr. Ali, but is without knowledge or information sufficient to form a belief as to the truth of the specific allegations set forth in Paragraph 14.

15. This Defendant denies the allegations set forth in Paragraph 15.

16. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17. This Defendant denies the allegations set forth in Paragraph 17.

18. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20.

21. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21.

22. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

24. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, but denies that any action was based on "assertions of Dr. Burr".

25. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

26. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27.

28. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28.

29. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30.

31. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32.

33. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33.

34. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34.

35. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35.

36. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36.

37. This Defendant denies the allegations set forth in Paragraph 37.

38. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38.

39. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39.

40. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40.

41. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41.

## Claims

### First Cause of Action

As Plaintiff's first cause of action is not directed to this Defendant, no response is required to Paragraphs 42 – 55.

### Second Cause of Action

As Plaintiff's second cause of action is not directed to this Defendant, responses are not required for Paragraph 56 – 60.

### Third Cause of Action

As Plaintiff's third cause of action is not directed to this Defendant, responses are not required for Paragraph 61 – 71.

### Fourth Cause of Action

As Plaintiff's fourth cause of action is not directed to this Defendant, responses are not required for Paragraph 72 – 78.

### Fifth Cause of Action

1. This Defendant is not required to answer the allegations set forth in Paragraph 79 as they relate solely to matters of law.

2. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80.

3. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81.

4. This Defendant denies the allegations set forth in Paragraph 82.

5. This Defendant denies the allegations set forth in Paragraph 83.

6. This Defendant denies the allegations set forth in Paragraph 84.

### Sixth Cause of Action

1. This Defendant is not required to answer the allegations in Paragraph 88 as they pertain solely to matters of law.

2. This Defendant denies the allegations set forth in Paragraph 89.

3. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90.

4. This Defendant denies the allegations set forth in Paragraph 91.

5. This Defendant denies the allegations set forth in Paragraph 92.

6. This Defendant denies the allegations set forth in Paragraph 93.

### Seventh Cause of Action

1. This Defendant is not required to answer the allegations set forth in Paragraph 94 as they pertain solely to matters of law.

2. This Defendant denies the allegations set forth in Paragraph 95.

3. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96.

4. This Defendant denies the allegations set forth in Paragraph 97.

5. This Defendant denies the allegations set forth in Paragraph 98.

6. This Defendant denies the allegations set forth in Paragraph 99.

7. This Defendant denies the allegations set forth in Paragraph 100.

### Eighth Cause of Action

1. This Defendant is not required to answer the allegations set forth in Paragraph 101 as they pertain solely to matters of law.

2. This Defendant denies the allegations set forth in Paragraph 102.

3. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103.

4. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104.

5. This Defendant denies the allegations set forth in Paragraph 105.

6. This Defendant denies the allegations set forth in Paragraph 106.

7. This Defendant denies the allegations set forth in Paragraph 107.

8. This Defendant denies the allegations set forth in Paragraph 108.

### Ninth Cause of Action

1. As Plaintiff's ninth cause of action is not directed to this Defendant, responses are not required for Paragraph 109 – 113.

### Damages

1. This Defendant denies the allegations set forth in Paragraph 114.

2. This Defendant denies the allegations set forth in Paragraph 115.

3. This Defendant denies the allegations set forth in Paragraph 116.

4. This Defendant denies the allegations set forth in Paragraph 117.

5. As Plaintiff's cause of action pursuant to 42 USC Section 1983 is not directed to this Defendant, no response is required.

6.     This Defendant denies that the Plaintiff is entitled to the relief sought in Paragraph 119.

### Thirteenth Defense

This Defendant asserts that he is entitled to payment of reasonable attorneys' fees and costs in the defense of this suit pursuant to 42 USC Section 11113.

**Wharton, Levin, Ehrmantraut & Klein**

/s/ Gregory S. McKee
_____
Gregory S. McKee   Bar #470474


/s/ D. Lee Rutland
_____
D. Lee Rutland   Bar #385761
104 West Street
P.O. Box 551
Annapolis, MD 21404-0551
(410) 263-5900

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 17th day of April, 2008, a copy of the foregoing was forwarded to:

Deborah Kane, Esq.
Hartel, Kane, DeSantis, MacDonald & Howie
11720 Beltsville Drive
Suite 500
Beltsville, MD  20705
      Counsel for Envision Hospital Corporation

Jennifer Hinkebein Culotta
Culotta & Culotta, LLP
432 E. Court Avenue
Jeffersonville, IN  47130
      Counsel for Plaintiff

C. William Hinnant, Jr., M.D., J.D.
Medicolegal Consultants, LLC
112 Essex Drive
Anderson, SC  29621
      Counsel for Plaintiff


                                                /s/ D. Lee Rutland
                                          _____
                                          D. Lee Rutland, Esq.  #385761

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED ALI, M.D. | : |
|    Plaintiff | : CASE:  1:08 CV 00431 |
| |    Assigned to: Kollar-Kotelly, Colleen |
| v. | : |
| SCOTT C. BURR, M.D.<br>7002 Quisinberry Way<br>Bowie, Maryland 20720 | : |
| WILTON O. NEDD, M.D. | : |
| ENVISION HOSPITAL CORPORATION<br>d/b/a GREATER SOUTHEAST<br>HOSPITAL | : |
| DISTRICT OF COLUMBIA DEPT.<br>OF HEALTH, HEALTH REGULATION<br>AND LICENSING ADMINISTRATION | : |
|    Defendants | : |

## **Jury Demand**

The Defendant requests that this matter be tried by a jury.

                                 **Wharton, Levin, Ehrmantraut & Klein**

                                  /s/ Gregory S. McKee

                                  _____
                                  Gregory S. McKee    Bar #470474


                                  /s/ D. Lee Rutland

                                  _____
                                  D. Lee Rutland    Bar #385761
                                  104 West Street
                                  P.O. Box 551
                                  Annapolis, MD 21404-0551
                                  (410) 263-5900

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of April, 2008, a copy of the foregoing was forwarded to:

Deborah Kane, Esq.
Hartel, Kane, DeSantis, MacDonald & Howie
11720 Beltsville Drive
Suite 500
Beltsville, MD  20705
    Counsel for Envision Hospital Corporation

Jennifer Hinkebein Culotta
Culotta & Culotta, LLP
432 E. Court Avenue
Jeffersonville, IN  47130
    Counsel for Plaintiff

C. William Hinnant, Jr., M.D., J.D.
Medicolegal Consultants, LLC
112 Essex Drive
Anderson, SC  29621
    Counsel for Plaintiff

                                      /s/ D. Lee Rutland
                                      _____
                                      D. Lee Rutland, Esq.  #385761