**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AHMED ALI, M.D.,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:08-cv-00431-CKK |
| | : Judge Colleen Kollar-Kotelly |
| **WILTON O. NEDD, M.D.,** *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

**ANSWER TO AMENDED COMPLAINT OF**
**DEFENDANT WILTON O. NEDD, M.D.**

**COMES NOW** the Defendant, **Wilton O. Nedd, M.D.,** by and through his attorneys, **Steven A. Hamilton, Esquire, Karen S. Karlin, Esquire** and **Hamilton Altman Canale & Dillon, LLC,** and in response to the Amended Complaint filed by Plaintiff in the above-captioned case, states as follows:

**I.  NATURE OF THE ACTION**

This section does not contain any allegations and, as such, requires no response from this Defendant.  To the extent that any statements in this section directly or indirectly allege negligence, breach of the standard of care and/or causation by this Defendant, said allegations are specifically denied.

**II.  PARTIES**

1.     The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 1, the result of which is to deny same and demand strict proof thereof.

2-3.   The allegations set forth in Paragraphs 2 through 3 are directed to other Defendants and, as such, require no response from this Defendant.

4. The allegations set forth in Paragraph 4 are admitted to the extent that at all times relevant herein, Dr. Nedd was a medical doctor specializing in cardiothoracic surgery and was licensed to practice medicine in the District of Columbia. The remaining allegations set forth in this paragraph are denied in form and substance.

5. The allegations set forth in Paragraph 5 are directed to another Defendant and, as such, require no response from this Defendant.

### III. JURISDICION & VENUE

6. The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 6, the result of which is to deny same and demand strict proof thereof.

7. The allegations set forth in Paragraphs 7 are denied as to Defendant Dr. Nedd.

8. Venue is admitted.

9. The allegations set forth in Paragraph 9 are directed to another Defendant and, as such, require no response from this Defendant.

### IV. OPERATIVE FACTS

10-12. The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraphs 10 through 12, the result of which is to deny same and demand strict proof thereof.

13-15. The allegations set forth in Paragraphs 13 through 15 are denied in form and substance.

16-29. The undersigned presently has insufficient information available to either

admit or deny the allegations set forth in Paragraphs 16 through 29, the result of which is to deny same and demand strict proof thereof. To the extent that any allegations in these Paragraphs directly or indirectly allege negligence, breach of the standard of care and/or causation by this Defendant, said allegations are specifically denied.

    30-31. The allegations set forth in Paragraphs 30 through 31 are denied in form and substance.

    32-34. The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraphs 32 through 34, the result of which is to deny same and demand strict proof thereof. To the extent that any allegations in these Paragraphs directly or indirectly allege negligence, breach of the standard of care and/or causation by this Defendant, said allegations are specifically denied.

    35-36. The allegations set forth in Paragraphs 35 through 36 are denied in form and substance.

    37-39. The allegations set forth in Paragraphs 37 through 39 are directed to other Defendants and, as such, require no response from this Defendant. To the extent that any allegations in these Paragraphs directly or indirectly allege negligence, breach of the standard of care and/or causation by this Defendant, said allegations are specifically denied.

    40-41. The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraphs 40 through 41, the result of which is to deny same and demand strict proof thereof. To the extent that any allegations in these Paragraphs directly or indirectly allege negligence, breach of the standard of care and/or

causation by this Defendant, said allegations are specifically denied.

## V. <u>CLAIMS</u>

### FIRST CAUSE OF ACTION:

### Deprivation of Federal Constitutional Rights Under Color of State Law, 42 U.S.C. § 1983
### (As to Defendant District of Columbia)

Defendant adopts and incorporates herein by reference his responses to Paragraphs 1 through 41 above.

42-55. The allegations set forth in Paragraphs 42 through 55 are directed to another Defendant and, as such, require no response from this Defendant. To the extent that any allegations in these Paragraphs directly or indirectly allege negligence, breach of the standard of care and/or causation by this Defendant, said allegations are specifically denied.

### SECOND CAUSE OF ACTION:

### Negligence In Investigative and Procedural Peer Review Process
### (As to Defendants Greater Southeast and District of Columbia)

Defendant adopts and incorporates herein by reference his responses to Paragraphs 1 through 55 above.

56-60. The allegations set forth in Paragraphs 56 through 60 are directed to other Defendants and, as such, require no response from this Defendant. To the extent that any allegations in these Paragraphs directly or indirectly allege negligence, breach of the standard of care and/or causation by this Defendant, said allegations are specifically denied.

### THIRD CAUSE OF ACTION:

### Breach of Contract (As to Defendant Greater Southeast)

Defendant adopts and incorporates herein by reference his responses to Paragraphs 1 through 60 above.

61-71. The allegations set forth in Paragraphs 61 through 71 are directed to another Defendant and, as such, require no response from this Defendant. To the extent that any allegations in these Paragraphs directly or indirectly allege negligence, breach of the standard of care and/or causation by this Defendant, said allegations are specifically denied.

### FOURTH CAUSE OF ACTION:

### Promissory Estoppel as Alternative to Breach of Contract
### (As to Defendant Greater Southeast)

Defendant adopts and incorporates herein by reference his responses to Paragraphs 1 through 71 above.

61-78. The allegations set forth in Paragraphs 61 through 78 are directed to another Defendant and, as such, require no response from this Defendant. To the extent that any allegations in these Paragraphs directly or indirectly allege negligence, breach of the standard of care and/or causation by this Defendant, said allegations are specifically denied.

### FIFTH CAUSE OF ACTION:

**Tortious Interference with Prospective Business Advantage and Contract
(As to Defendants Greater Southeast, the District of Columbia,
Dr. Burr and Dr. Nedd)**

Defendant adopts and incorporates herein by reference his responses to Paragraphs 1 through 78 above.

79.     The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 79, the result of which is to deny same and demand strict proof thereof.

80-81.  The allegations set forth in Paragraphs 80 through 81 are directed to another Defendant and, as such, require no response from this Defendant.  To the extent that any allegations in these Paragraphs directly or indirectly allege negligence, breach of the standard of care and/or causation by this Defendant, said allegations are specifically denied.

82-87.  The allegations set forth in Paragraphs 82 through 87 are denied in form and substance.

### SIXTH CAUSE OF ACTION:

**Fraudulent Misrepresentation
(As to Defendants Greater Southeast, Dr. Burr and Dr. Nedd)**

Defendant adopts and incorporates herein by reference his responses to Paragraphs 1 through 87 above.

88.     The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 88, the result of which is to deny same

and demand strict proof thereof.

89-93. The allegations set forth in Paragraphs 89 through 93 are denied in form and substance.

### SEVENTH CAUSE OF ACTION:

### Negligent Misrepresentation (As to Defendants Greater Southeast, Dr. Burr and Dr. Nedd)

Defendant adopts and incorporates herein by reference his responses to Paragraphs 1 through 93 above.

94. The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 94, the result of which is to deny same and demand strict proof thereof.

95-100. The allegations set forth in Paragraphs 95 through 100 are denied in form and substance.

### EIGHTH CAUSE OF ACTION:

### Intentional Infliction of Emotional Distress (As to Defendants Dr. Nedd, Dr. Burr, The District of Columbia and Greater Southeast)

Defendant adopts and incorporates herein by reference his responses to Paragraphs 1 through 100 above.

101. The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 101, the result of which is to deny same and demand strict proof thereof.

102-108. The allegations set forth in Paragraphs 102 through 108 are denied in form and substance.

**NINTH CAUSE OF ACTION:**

**Violation of District of Columbia Unlawful Trade Practices Act**
**(As to Defendant Dr. Nedd)**

Defendant adopts and incorporates herein by reference his responses to Paragraphs 1 through 108 above.

109.   The undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 108, the result of which is to deny same and demand strict proof thereof.

110-113.  The allegations set forth in Paragraphs 110 through 113 are denied in form and substance.

**VI.  DAMAGES**

114-119.  The allegations set forth in Paragraphs 114 through 119 are denied in form and substance.

And as affirmative defenses, Defendants state as follows:

**FIRST DEFENSE**

The Court lacks subject matter and/or personal jurisdiction.

**SECOND DEFENSE**

The Amended Complaint fails to state a cause of action upon which relief can be granted.

**THIRD DEFENSE**

The Amended Complaint, in whole or in part, is barred by the applicable statute of limitations.

**FOURTH DEFENSE**

The Amended Complaint, in whole or in part, is barred by privilege.

**FIFTH DEFENSE**

Plaintiff is barred from recovery by virtue of Plaintiff's own negligence, contributory negligence, assumption of the risk and/or failure to mitigate damages.

**SIXTH DEFENSE**

At all times applicable hereto, this Defendant complied with the applicable standards of care.

**SEVENTH DEFENSE**

The injuries/damages complained of by Plaintiff, if any, are the result of acts or omissions of others for which this Defendant cannot be held legally responsible.

**WHEREFORE,** Defendant Wilton Nedd, M.D. prays that judgment be entered in his favor and that the Court assess such costs and other relief as it deems appropriate under the circumstances.

Respectfully submitted,

**HAMILTON ALTMAN CANALE & DILLON, LLC**


By:  /S/ Steven A. Hamilton_____
 Steven A. Hamilton (D.C. Bar No. 953539)
steven.hamilton@hacdlaw.com
Karen S. Karlin (D.C. Bar No. 446660)
karen.karlin@hacdlaw.com
4600 East-West Highway
Suite 201
Bethesda, Maryland 20814
301-652-7332
Attorneys for Defendant Wilton O. Nedd, M.D.

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that, on the 28th day of May, 2008, a copy of the foregoing was served via electronic mail on the following:

>Jennifer Hinkebein Culotta, Esquire
>**Culotta & Culotta, LLP**
>432 East Court Avenue
>Jefferson, IN  47130
>
>C. William Hinnant, Jr., Esquire
>**MedicoLegal Consultants, LLC**
>112 Essex Drive
>Anderson, SC  29621
>
>D. Lee Rutland, Esquire
>**Wharton, Levin, Ehrmantraut**
> **& Klein**
>104 West Street
>P.O. Box 551
>Annapolis, Maryland  21404-0551
>
>Deborah E. Kane, Esquire
>**Hartel, Kane, DeSantis,**
> **McDonald & Howie, LLP**
>11720 Beltsville Drive
>Calverton Office Park, Suite 500
>Beltsville, Maryland  20705
>
>Jayme B. Kantor, Esquire
>Assistant Attorney General
>441 4th Street, N.W.
>6th Floor South
>Washington, D.C.  20001

>  /S/ Steven A. Hamilton____
>  Steven A. Hamilton